DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
On September 22, 1998, the Akron Municipal Court denied Mark Darulis' petition for postconviction relief. Darulis was seeking relief, pursuant to R.C. 2953.21, from his December 11, 1985 convictions for criminal damaging.
Darulis has assigned that the trial court erred by: (1) failing to address his "new" claims that his due process rights were violated; (2) failing to address his "new" claims of ineffective assistance of counsel; (3) failing to address his "new" claim that his plea was not voluntary; and (4) failing to settle and approve his proposed App.R. 9(C) statement.[1]
This court overrules all four assignments of error, and affirms the judgment of the trial court.
 I
In 1994 Darulis was convicted in federal court of growing approximately twenty marijuana plants in a federal park. The length of a federal sentence is dependent, in part, on the number of prior convictions. Because of this, Darulis decided to challenge two 1985 convictions for criminal damaging, which were premised upon his no contest pleas to the same.
On October 13, 1985, Darulis was arrested and charged with two counts of criminal damaging. He pled no contest to the counts of criminal damaging on December 11, 1985. From 1985 until his federal arrest in 1993, Darulis did not challenge his criminal damaging convictions. At that time, Darulis filed a motion to vacate his plea of no contest. On July 26, 1993, his motion to vacate his plea was denied. He then moved for reconsideration, and for relief pursuant to R.C. 2953.21 and R.C. 2953.23. His petition was denied. He appealed from the denial of that petition to this court. This court specifically determined that Darulis' counsel was not ineffective and that his plea was voluntary.Akron v. Darulis (Mar. 2, 1994), Summit App. No. 16240, unreported, at 4 and 5. This court also held that his claims that he was arrested without probable cause and denied the right to a jury trial were barred by res judicata.
Darulis then filed a motion with this court for a delayed appeal, which was denied. Akron v. Darulis (June 2, 1994), Summit App. No. 16753, unreported. Following that, Darulis moved the trial court for a new trial, which was denied. This court affirmed that denial. Akron v. Darulis (Jan. 10, 1996), Summit App. No. 17246, unreported.
Finally, on July 29, 1996, Darulis filed a second petition for postconviction relief, pursuant to R.C. 2953.21. That petition incorporated the contents of his earlier motion for a new trial. His petition was denied by the trial court, which noted that, "The Court concludes a similar motion was denied by this Court and affirmed by the Court of Appeals in March, 1994." Darulis then appealed from the denial of that petition.
 II
Failure of the Trial Court to Address New Claims
 Any second or successive petition for postconviction relief, which is filed after September 21, 1995, may not be entertained unless the petitioner has established that (1) he was unavoidably prevented from discovery of the facts upon which the petition is premised and (2) but for the constitutional error at trial that resulted, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted. R.C. 2953.23(A).
Darulis indicated in his petition for postconviction relief that he was resubmitting his "entire motion [for a new trial] and more[.]" In an affidavit attached to his motion for a new trial, Darulis asserted that "he did not possess and was unavoidably prevented from possessing key evidence that the key witness against him * * * did not see him driving out of the driveway * * * where the alleged crime occurred." He also asserted that "[h]e was unavoidably prevented from the discovery of the information within 120 days by obtaining a transcript of subsequent testimony of Officer Buck which directly contradicted Officer Buck's original contention that he saw Defendant in the driveway[,]" and that he now has a transcript.
Darulis did not provide any sworn facts, either in the petition itself or the supporting documents, from which the conclusion could be drawn that the delay in his discovery of the facts on which his petition is premised was unavoidable. Mere conclusory assertions that it was unavoidable are insufficient to permit the trial court to entertain his successive petition for postconviction relief. The trial court properly denied his petition. Darulis' first, second, and third assignments of error are overruled.
App.R. 9(C) Statement
 Nothing in the content of Darulis' proposed App.R. 9(C) statement provided any basis for a finding that he was unavoidably delayed in the discovery of the facts that are the foundation of his petition for postconviction relief.
 Even if the trial court did not properly respond to his proposed App.R. 9(C) statement, a verbatim adoption of his proposed App.R. 9(C) statement would not have permitted it to address the merits of his petition for postconviction relief.
Darulis' fourth assignment of error is overruled, as moot.
 III
Because the trial court was not permitted to entertain his petition for postconviction relief, Darulis' first through third assignments of error, addressing the substance of his petition for postconviction relief, are overruled. Darulis' fourth assignment of error is overruled as moot, because nothing in the content of his proposed App.R. 9(C) statement would have permitted the trial court to entertain his petition for postconviction relief. The judgment of the trial court is affirmed.
Judgment affirmed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
WILLIAM R. BAIRD
FOR THE COURT SLABY, J.
BATCHELDER, J. CONCUR
[1] The assignments of error have been reordered because the first assignment of error, as ordered by Darulis, is made moot by the disposition of the remaining three. Because of this, his first assignment of error is listed above as the fourth assignment of error.